THE HONORABLE SALVADOR MENDOZA, JR.

MICHAEL E. McFARLAND, JR., #23000
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Ferry County Defendants

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

WENDY FARRIS,

                              Plaintiff,

vs.

LOREN CULP, REPUBLIC POLICE
DEPARTMENT, CHRISTINE
CLARK, FERRY COUNTY
SHERIFF,

                              Defendants.

Case No. 2:20-cv-00290-SMJ

DEFENDANTS' FIRST
AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT

COME NOW Defendants FERRY COUNTY and CHRISTINE CLARK (collectively "Ferry County"), by and through their attorney of record, Michael E. McFarland, Jr. of Evans, Craven & Lackie, P.S. and enter this First Amended Answer to Plaintiff's First Amended Complaint (hereinafter "Complaint") as follows:

## **INTRODUCTION**

1.     These answering defendants deny the allegations contained in

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Paragraph 1 of Plaintiff's First Amended Complaint.

2.    These answering defendants admit that Wendy Farris was incarcerated at the Ferry County Jail for two days. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint and therefore deny the same.

3.    These answering defendants deny the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint. These answering defendants further deny that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

4.    These answering defendants admit that jurisdiction is proper.

5.    These answering defendants admit that venue is proper.

6.    These answering defendants admit the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

## PARTIES

7.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint and therefore deny the same.

8.    These answering defendants admit the allegations contained in

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Paragraph 8 of Plaintiff's First Amended Complaint.

9.      These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint and therefore deny the same.

10.      These answering defendants admit that Ferry County is a municipality located within the State of Washington. The remaining allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11.      These answering defendants admit the first sentence of Paragraph 11 of Plaintiff's First Amended Complaint. The second sentence constitutes legal conclusions to which no response is deemed necessary.

## **GENERAL ALLEGATIONS**

12.      These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and therefore deny the same.

13.      These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's First

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Amended Complaint and therefore deny the same.

14.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and therefore deny the same.

15.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and therefore deny the same.

16.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint and therefore deny the same.

17.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and therefore deny the same.

18.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint and therefore deny the same.

19.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint and therefore deny the same.

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

20.    These answering defendants admit that on August 18, 2018, Ms. Farris pulled her vehicle to the side of the road and fell asleep in her car. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint and therefore deny the same.

21.    These answering defendants admit that Ms. Farris was awakened in her vehicle by a knocking on her car window. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint and therefore deny the same.

22.    These answering defendants admit that it took Ms. Farris some time to figure out someone was knocking on her vehicle window. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint and therefore deny the same.

23.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint and therefore deny the same.

24.    These answering defendants admit the allegations contained in

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Paragraph 24 of Plaintiff's First Amended Complaint.

25.    These answering defendants admit that Deputy Clark observed Plaintiff asleep in her front seat and also admit that Deputy Clark called for EMS after seeing Ms. Farris' body slumped towards the center console, her belt undone and her hands in her lap. These answering defendants deny that Ms. Farris' vehicle was pulled safely of the road.

26.    These answering defendants admit the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27.    These answering defendants deny that Deputy Clark "grilled" Ms. Farris with questions. These answering defendants admit that Ms. Farris attempted to answer questions asked of her.

28.    These answering defendants deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.    These answering defendants admit the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30.    These answering defendants admit that Vera Hamilton had previously filed complaints against Deputy Clark. These answering defendants deny that Ms. Farris told Deputy Clark that Vera Hamilton had been with her on her trip. These answering defendants further deny that Deputy Clark has a long-

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 6

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

standing personal dislike for Vera Hamilton.

31.    These answering defendants deny that Deputy Clark told Ms. Farris that she could not leave until she had been medically cleared.

32.    These answering defendants admit that Deputy Clark expanded the scope of the stop into a DUI investigation. These answering defendants deny that Deputy Clark had no justifiable reasonable suspicion or logical justification to expand the scope of the stop into a DUI investigation.

33.    These answering defendants deny that Deputy Clark told Ms. Farris to step out of her car. These answering defendants admit that Ms. Farris stepped out of the car. These answering defendants further admit that Deputy Clark took control of Ms. Farris' person, turned Ms. Farris towards the car and frisked her.

34.    These answering defendants admit the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35.    These answering defendants admit the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.[1]

36.    These answering defendants admit that the ambulance crew informed Deputy Clark that Ms. Farris' vitals were within the normal range.

---

[1] BAC tests are not administered in the field. Further, Deputy Clark did not believe Ms. Farris was intoxicated with alcohol and any test for other forms of intoxication are also not performed in the field.

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 7

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

These answering defendants deny that nothing appeared to be wrong with Ms. Farris. These answering defendants admit that Ms. Farris again requested a test to be done that Deputy Clark could not perform while in the field.

37. These answering defendants are without sufficient information to admit or deny the allegation regarding Ms. Farris' amount of quality sleep. These answering defendants admit that Ms. Farris was increasingly becoming more agitated.

38. These answering defendants deny that Deputy Clark "refused" to believe Ms. Farris, as Deputy Clark was merely fulfilling the functions of her job as a police officer. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint and therefore deny the same.

39. These answering defendants deny that Deputy Clark refused to submit Ms. Farris to a BAC test, as BAC tests cannot be done while in the field. These answering defendants further deny that Deputy Clark "demanded" Ms. Farris submit to field sobriety tests, as Ms. Farris' decision to submit to field sobriety tests was completely voluntary. These answering defendants admit that Ms. Farris voluntarily agreed to perform the tests.

40. These answering defendants admit that Ms. Farris requested that

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 8

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

EMS staff remain on scene.

41.    These answering defendants deny the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.    These answering defendants deny the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint, as they presuppose that Deputy Clark otherwise had Ms. Farris on camera. Ferry County does not equip its police officers with cameras.

43.    These answering defendants admit that Ms. Farris failed all of the field sobriety tests. These answering defendants further admit that Ms. Farris again asked for tests to prove she was not under the influence; tests which could not be performed at this juncture. These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint regarding Ms. Farris' state of mind and therefore deny the same.

44.    These answering defendants deny the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45.    These answering defendants admit that Deputy Clark called for City of Republic police officer Loren Culp and his dog "Karma" to come and search Ms. Farris' car for narcotics. These answering defendants are without sufficient

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 9

information to admit or deny whether Loren Culp was a newly certified K-9 handler and therefore deny the same.

46.     These answering defendants admit the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47.     These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint and therefore deny the same.

48.     These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint and therefore deny the same.

49.     These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint and therefore deny the same.

50.     These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint and therefore deny the same.

51.     These answering defendants deny the allegation contained in Paragraph 51 of Plaintiff's First Amended Complaint that Karma's alert was not reliable. These answering defendants are without sufficient information to admit

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

or deny the remaining allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint and therefore deny the same.

52.    These answering defendants deny the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint and therefore deny the same. These answering defendants deny all allegations of liability that may be contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54.    These answering defendants deny the allegation contained in Paragraph 54 of Plaintiff's First Amended Complaint that Karma's alert was "manipulated." These answering defendants admit that the officers on scene searched Ms. Farris' car based on a search warrant that was applied for and granted based on the alert by K-9 Karma.

55.    These answering defendants admit that the officers found roughly $5000 in Ms. Farris' car. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint and therefore deny the same.

56.    These answering defendants admit that Ms. Farris' car was

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 11

impounded. These answering defendants deny the remaining allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint.

57.    These answering defendants deny that the officers' search of Ms. Farris' vehicle was overzealous and further deny that Ms. Farris' vehicle was permanently damaged as a result of the search. These answering defendants admit that no drugs were found as a result of the search.

58.    These answering defendants deny the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint.

59.    These answering defendants admit that Deputy Clark had Ms. Farris sit in the Ferry County Jail room where BAC tests are administered. These answering defendants deny that Ms. Farris was processed for DUI, as she refused to answer standard procedure DUI questions.

60.    These answering defendants admit that Ms. Farris denied taking a BAC test. These answering defendants deny the remaining allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint.

61.    These answering defendants admit that Deputy Clark asked Ms. Farris to submit to a BAC test and that Ms. Farris responded that she had been told not to answer questions until her attorney had arrived. These answering defendants deny that Ms. Farris did not decline to undergo the BAC test. These

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 12

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint and therefore deny the same.

62.    These answering defendants admit the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint.

63.    These answering defendants deny that Deputy Clark cited Ms. Farris with a DUI. These answering defendants admit that Deputy Clark cited Ms. Farris with being in violation of RCW 46.61.504.[2]

64.    These answering defendants admit the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint.

65.    These answering defendants deny that Ms. Farris was booked on a Friday, as Ms. Farris was actually booked on Saturday, August 18, 2018. These answering defendants admit that Ms. Farris remained in Ferry County Jail until Monday, August 20, 2018.

66.    These answering defendants admit the allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint.

67.    These answering defendants admit that Plaintiff was released from Ferry County Jail. These answering defendants are without sufficient information

---

[2]Plaintiff conflates a DUI citation with a Physical control citation. A DUI citation falls under RCW 46.61.502, and Plaintiff was cited with violating RCW 46.61.504.

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 13

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

to admit or deny the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint and therefore deny the same.

68.     These answering defendants admit the allegations contained in paragraph 68 of Plaintiff's First Amended Complaint.

69.     These answering defendants admit that Deputy Clark submitted Ms. Farris' arrest to the State of Washington Department of Licensing. These answering defendants deny that submitting the arrest was done so in retaliation.

70.     These answering defendants deny that Ferry County "failed" to inform the Department of Licensing of the dismissal of the DUI charge, as Ferry County was under no such duty to do so.

71.     These answering defendants admit the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint.

72.     These answering defendants deny the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint.[3]

73.     These answering defendants deny that Deputy Clark "falsely" alleged that Ms. Farris refused to take a BAC test. These answering defendants are without sufficient information to admit or deny the remaining allegations

---

[3] When Deputy Clark ultimately presented Ms. Farris with a breathalyzer, Ms. Farris refused to take it.

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 14

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

contained in Paragraph 73 of Plaintiff's First Amended Complaint and therefore deny the same.

74.    These answering defendants deny that Deputy Clark "falsely" alleged that Ms. Farris refused to take a BAC test. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint and therefore deny the same.

75.    These answering defendants deny that Ms. Farris' license suspension was unjustifiable. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint and therefore deny the same.

76.    These answering defendants deny that Deputy Clark falsely asserted that Ms. Farris refused to submit to a breathalyzer test. These answering defendants admit that Ms. Farris was subsequently charged with Driving under the Influence (Refusal).

77.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint and therefore deny the same.

78.    These answering defendants are without sufficient information to

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 15

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

admit or deny the allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint and therefore deny the same.

79.    These answering defendants admit the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint.

80.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 80 of Plaintiff's First Amended and therefore deny the same.

81.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint and therefore deny the same.

82.    These answering defendants admit that Deputy Clark has never reached out to Ms. Farris to apologize. These answering defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint and therefore deny the same.

83.    These answering defendants deny the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84.    These answering defendants deny the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint.

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 16

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# FIRST CLAIM FOR RELIEF
*42 U.D.C 1983 for Violation of Wendy Farris' Right to Freedom from Unreasonable Searches and Seizures*

85.     These answering defendants re-allege and reincorporate the forgoing paragraphs as if fully set forth herein.

## A.  Expansion of the scope by Deputy Clark

86.     These answering defendants admit that Deputy Clark detained Ms. Farris on an investigatory stop upon receiving a call that Ms. Farris was slumped over in her car and parked off the side of the road. The remaining allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny all allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint.

87.     These answering defendants admit that the investigatory stop was to ensure Ms. Farris was okay. These answering defendants deny that Deputy Clark required Ms. Farris to submit to medical evaluation and to submit to field sobriety tests.

88.     These answering defendants deny that Deputy Clark did not have reasonable suspicion to expand the scope of her stop into a DUI investigation. These answering defendants admit that Deputy Clark did not detect the odor of

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 17

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

alcohol or any other illicit substance and that she did not observe poor driving. The remaining allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 88 of Plaintiff's First Amended Complaint.

89.    These answering defendants deny the allegations contained in Paragraph 89 of Plaintiff's First Amended Complaint.

90.    These answering defendants deny the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint.

### B.  False Arrest by Deputy Clark

91.    These answering defendants deny that Deputy Clark forced Ms. Farris to submit to field sobriety tests, as the field sobriety tests Ms. Farris underwent were voluntary.

92.    These answering defendants deny the allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint.

93.    These answering defendants deny the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint.

94.    These answering defendants deny the allegations contained in

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 18

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Paragraph 93 of Plaintiff's First Amended Complaint.

95.    These answering defendants deny the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint.

96.    These answering defendants deny the allegations contained in Paragraph 96 of Plaintiff's First Amended Complaint.

97.    These answering defendants deny the allegations contained in Paragraph 97 of Plaintiff's First Amended Complaint.

### C. Vehicle Search without Probable Cause

98.    These answering defendants admit the allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint.

99.    These answering defendants admit that Deputy Clark advised Loren Culp that Ms. Farris had been placed under arrest for apparent intoxication.

100.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 100 of Plaintiff's First Amended Complaint and therefore deny the same.

101.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint and therefore deny the same.

102.    These answering defendants deny the allegations contained in

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1

2

Paragraph 102 of Plaintiff's First Amended Complaint.

3

4

103.   These answering defendants admit that the search warrant used to

5

search Ms. Farris' vehicle was based upon K-9 Karma's alert. These answering

6

defendants deny that Ms. Farris' vehicle was "torn apart."

7

8

104.   These answering defendants admit that Ms. Farris' vehicle was

9

searched and that no contraband was found.

10

11

105.   These answering defendants deny the allegations contained in

12

Paragraph 105 of Plaintiff's First Amended Complaint.

13

14

106.   These answering defendants deny the allegations contained in

15

Paragraph 106 of Plaintiff's First Amended Complaint.

16

17

107.   These answering defendants deny the allegations contained in

18

Paragraph 107 of Plaintiff's First Amended Complaint.

19

20

108.   These answering defendants deny the allegations contained in

21

Paragraph 108 of Plaintiff's First Amended Complaint.

22

23

## SECOND CLAIM FOR RELIF

24

***42 U.S.C. 1983 Violation due to Malicious Prosecution against Deputy Clark***

25

26

109.   These answering defendants re-allege and reincorporate the

27

forgoing paragraphs as if fully set forth herein.

28

29

110.   These answering defendants admit the allegations contained in

30

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 20

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Paragraph 110 of Plaintiff's First Amended Complaint.

111.   These answering defendants admit that Ms. Farris was asleep with her car keys in her pocket[4] when Deputy Clark first contacted her. These answering defendants deny that Ms. Farris' car was safely parked. The remaining allegations contained in Paragraph 111 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 111 of Plaintiff's First Amended Complaint.

112.   These answering defendants deny the allegations contained in Paragraph 112 of Plaintiff's First Amended Complaint.

113.   These answering defendants deny the allegations contained in Paragraph 113 of Plaintiff's First Amended Complaint.

114.   These answering defendants deny the allegations contained in Paragraph 114 of Plaintiff's First Amended Complaint.

115.   These answering defendants admit that Ms. Farris' cases were dismissed while Ferry County Prosecuting Attorney Kathryn Burke awaited the results of Ms. Farris' blood toxicology.

---

[4] While Ms. Farris had her "keys" in her pocket, Ms. Farris' keys were actually a key fob and Ms. Farris' vehicle was capable of being started with a push-start button.

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 21

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

116. These answering defendants deny the allegations contained in Paragraph 116 of Plaintiff's First Amended Complaint.

## THIRD CLAIM FOR RELIEF

### *42 U.S.C. 1983 Violation (Monell Liability) against Ferry County and City of Republic*

117. These answering defendants re-allege and reincorporate the forgoing paragraphs as if fully set forth herein.

A. *City of Republic is Responsible for the Practices of Its Policymaker*

118. The allegations contained in Paragraph 118 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 118 of Plaintiff's First Amended Complaint.

119. The allegations contained in Paragraph 119 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 119 of Plaintiff's First Amended Complaint.

120. The allegations contained in Paragraph 120 of Plaintiff's First

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 22

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 120 of Plaintiff's First Amended Complaint.

121.   The allegations contained in Paragraph 121 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 121 of Plaintiff's First Amended Complaint.

122.   These answering defendants deny the allegations contained in Paragraph 122 of Plaintiff's First Amended Complaint.

123.   These answering defendants deny the allegations contained in Paragraph 123 of Plaintiff's First Amended Complaint.

B. *Ferry County is liable for failure to train*

124.   These answering defendants deny the allegations contained in Paragraph 124 of Plaintiff's First Amended Complaint.

125.   These answering defendants deny the allegations contained in Paragraph 125 of Plaintiff's First Amended Complaint.

126.   These answering defendants deny the allegations contained in

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Paragraph 126 of Plaintiff's First Amended Complaint.

127.    These answering defendants deny the allegations contained in Paragraph 127 of Plaintiff's First Amended Complaint.

128.    These answering defendants deny the allegations contained in Paragraph 128 of Plaintiff's First Amended Complaint.

129.    These answering defendants deny the allegations contained in Paragraph 129 of Plaintiff's First Amended Complaint.

130.    These answering defendants deny the allegations contained in Paragraph 130 of Plaintiff's First Amended Complaint.

131.    These answering defendants deny the allegations contained in Paragraph 131 of Plaintiff's First Amended Complaint.

132.    These answering defendants deny the allegations contained in Paragraph 132 of Plaintiff's First Amended Complaint.

133.    These answering defendants deny the allegations contained in Paragraph 133 of Plaintiff's First Amended Complaint.

## FOURTH CLAIM FOR RELIEF

### *State Claim for False Arrest/False Imprisonment against Deputy Clark and Ferry County*

134.    These answering defendants re-allege and reincorporate the

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 24

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

forgoing paragraphs as if fully set forth herein.

135.   These answering defendants admit the allegations contained in Paragraph 135 of Plaintiff's First Amended Complaint.

136.   These answering defendants admit that Deputy Clark performed an investigatory stop upon receiving a call that Ms. Farris was slumped over in her car and parked off the side of the road.

137.   These answering defendants admit that the purpose of the investigatory stop was to make sure that Ms. Farris was okay. These answering defendants deny that Deputy Clark required Ms. Farris to submit to medical evaluation. These answering defendants further deny that Deputy Clark required Ms. Farris to submit to field sobriety tests.

138.   These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 138 of Plaintiff's First Amended Complaint and therefore deny the same.

139.   These answering defendants deny that Deputy Clark did not have reasonable suspicion to expand the scope of her stop into a DUI investigation. These answering defendants admit that Deputy Clark did not detect the odor of alcohol or any other illicit substance and that she did not observe poor driving. The remaining allegations contained in Paragraph 139 of Plaintiff's First

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 25

Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 139 of Plaintiff's First Amended Complaint.

140.  These answering defendants deny the allegations contained in Paragraph 140 of Plaintiff's First Amended Complaint.

141.  These answering defendants deny the allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint.

142.  These answering defendants deny the allegations contained in Paragraph 142 of Plaintiff's First Amended Complaint.

143.  These answering defendants deny the allegations contained in Paragraph 143 of Plaintiff's First Amended Complaint.

144.  These answering defendants deny the allegations contained in Paragraph 144 of Plaintiff's First Amended Complaint.

145.  These answering defendants deny the allegations contained in Paragraph 145 of Plaintiff's First Amended Complaint.

146.  These answering defendants deny the allegations contained in Paragraph 146 of Plaintiff's First Amended Complaint.

147.  These answering defendants deny the allegations contained in

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 26

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Paragraph 147 of Plaintiff's Complaint.

## <u>FIFTH CLAIM FOR RELIEF</u>

### *State Claim for Malicious Prosecution against Deputy Clark and Ferry County*

148. These answering defendants re-allege and reincorporate the forgoing paragraphs as if fully set forth herein.

149. These answering defendants admit the allegations contained in Paragraph 149 of Plaintiff's First Amended Complaint.

150. These answering defendants deny the allegations contained in Paragraph 150 of Plaintiff's First Amended Complaint.

151. These answering defendants admit that Ms. Farris was asleep with her car keys in her pocket[5] when Deputy Clark first contacted her. These answering defendants deny that Ms. Farris' car was safely parked. The remaining allegations contained in Paragraph 151 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 151 of Plaintiff's First Amended Complaint.

---

[5] While Ms. Farris had her "keys" in her pocket, Ms. Farris' keys were actually a key fob and Ms. Farris' vehicle was capable of being started with a push-start button.

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 27

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

152.    These answering defendants deny the allegations contained in Paragraph 152 of Plaintiff's First Amended Complaint.

153.    These answering defendants deny the allegations contained in Paragraph 153 of Plaintiff's First Amended Complaint.

154.    These answering defendants deny the allegations contained in Paragraph 154 of Plaintiff's First Amended Complaint.

155.    These answering defendants admit that Ms. Farris' cases were dismissed while Ferry County Prosecuting Attorney Kathryn Burke awaited the results of Ms. Farris' blood toxicology.

156.    These answering defendants deny the allegations contained in Paragraph 153 of Plaintiff's First Amended Complaint.

## SIXTH CLAIM FOR RELIEF

### *State Claim for Negligence against all Defendants*

157.    These answering defendants re-allege and reincorporate the forgoing paragraphs as if fully set forth herein.

158.    These answering defendants admit the allegations contained in Paragraph 158 of Plaintiff's First Amended Complaint.

159.    These answering defendants are without sufficient information to admit or deny the allegations contained in Paragraph 159 of Plaintiff's First

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Amended Complaint and therefore deny the same.

160.  The allegations contained in Paragraph 160 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny the allegations contained in Paragraph 160 of Plaintiff's First Amended Complaint.

161.  The allegations contained in Paragraph 161 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny the allegations contained in Paragraph 161 of Plaintiff's First Amended Complaint.

162.  The allegations contained in Paragraph 162 of Plaintiff's First Amended Complaint constitute legal conclusions to which no response is deemed necessary. To the extent a response is deemed necessary, these answering defendants deny the allegations contained in Paragraph 162 of Plaintiff's First Amended Complaint.

### Deputy Clark's Breach of Duty

163.  These answering defendants deny the allegations contained in Paragraph 163 of Plaintiff's First Amended Complaint.

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 29

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

164.   These answering defendants deny the allegations contained in Paragraph 164 of Plaintiff's First Amended Complaint.

165.   These answering defendants deny the allegations contained in Paragraph 165 of Plaintiff's First Amended Complaint.

166.   These answering defendants deny the allegations contained in Paragraph 166 of Plaintiff's First Amended Complaint.

167.   These answering defendants deny the allegations contained in Paragraph 167 of Plaintiff's First Amended Complaint.

*Chief Culp's Breach of Duty*

168.   The allegations contained in Paragraph 168 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 168 of Plaintiff's First Amended Complaint.

169.   The allegations contained in Paragraph 169 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 169 of Plaintiff's First Amended Complaint.

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 30

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

170.   The allegations contained in Paragraph 170 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 170 of Plaintiff's First Amended Complaint.

171.   The allegations contained in Paragraph 171 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 171 of Plaintiff's First Amended Complaint.

172.   The allegations contained in Paragraph 172 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 172 of Plaintiff's First Amended Complaint.

173.   The allegations contained in Paragraph 173 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Paragraph 173 of Plaintiff's First Amended Complaint.

174.    The allegations contained in Paragraph 174 of Plaintiff's First Amended Complaint are not directed at these answering defendants, and as such no answer is deemed necessary. To the extent an answer is deemed necessary, these answering defendants deny all allegations of liability contained in Paragraph 174 of Plaintiff's First Amended Complaint.

*Ferry County Sheriff's Breach of Duty*

175.    These answering defendants deny the allegations contained in Paragraph 175 of Plaintiff's First Amended Complaint.

176.    These answering defendants deny the allegations contained in Paragraph 176 of Plaintiff's First Amended Complaint.

177.    These answering defendants deny the allegations contained in Paragraph 177 of Plaintiff's First Amended Complaint.

178.    These answering defendants deny the allegations contained in Paragraph 178 of Plaintiff's First Amended Complaint.

179.    These answering defendants deny the allegations contained in Paragraph 179 of Plaintiff's First Amended Complaint.

180.    These answering defendants deny the allegations contained in Paragraph 180 of Plaintiff's First Amended Complaint.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

181.  These answering defendants deny the allegations contained in Paragraph 181 of Plaintiff's First Amended Complaint.

182.  These answering defendants deny the allegations contained in Paragraph 182 of Plaintiff's First Amended Complaint.

## PRAYER FOR RELIEF

These answering defendants deny all allegations of liability in this matter and therefore deny that Plaintiff is entitled to any recovery from these answering defendants. These answering defendants further deny the existence, nature and extent of Plaintiff's claimed injuries and damages.

To the extent any allegation has not been admitted, or a lack of information claimed, it is denied.

## JURY DEMAND

In accordance with F.R.C.P. 38 and pursuant to the Seventh Amendment, these answering defendants hereby demand this matter appear before a jury.

## AFFIRMATIVE DEFENSES

1.  Plaintiff has failed to state a claim upon which relief can be granted.

2.  Deputy Clark at all times acted reasonably and in good faith and is entitled to qualified immunity.

3.  Based upon information and belief, and subject to discovery,

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 33

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Plaintiff may have failed to mitigate her damages.

4.     Based upon belief, and subject to discovery, Plaintiff's claimed injuries and damages may be the result of Plaintiff's own actions and inactions.

### <u>DEFENDANTS' PRAYER FOR RELIEF</u>

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that Judgment be entered against Plaintiff as follows:

1.     Judgment dismissing Plaintiff's Complaint with prejudice;

2.     Reasonable attorney fees and costs; and

3.     For such other and further relief as the Court deems equitable.

DATED this 24th day of November, 2020.

EVANS, CRAVEN & LACKIE, P.S.


By:     _____*s/ Michael E. McFarland, Jr.*_____
MICHAEL E. McFARLAND, JR., #23000
Attorneys for Ferry County Defendants

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 34

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**<u>Counsel for Plaintiff</u>**
Eric M. Fong
Fong Law, PLLC
569 Division Street, Suite A
Port Orchard, WA  98366
Email:  eric@ericfronglaw.com

**<u>Counsel for Culp and City of Republic</u>**
Jerry Moberg
Mary Rathbone
Moberg Rathbone Kearns, P.S.
124 3rd Avenue S.W.
P.O. Box 130
Ephrata, WA  98823
Email:          jmoberg@mrklawgroup.com
Email:          mrathbone@mrklawgroup.com

_____s/ Michael E. McFarland, Jr._____
*s/ Michael E. McFarland, Jr.*
MICHAEL E. McFARLAND, #23000
Attorney for Ferry County Defendant
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, Washington  99201
(509) 455-5200
(509) 455-3632 Facsimile
MMcFarland@ecl-law.com

DEFENDANTS' FIRST AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - page 35

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632